UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAN GROPPER                                                                    CV

                                Plaintiff,
        -against-                                                      **COMPLAINT**

172ND LLC, 170 TOO BEDFORD, LLC AND 170         **JURY TRIAL REQUESTED**
BEDFORD RESTAURANT LLC

                                Defendants.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Dan Gropper (hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants 172nd LLC, 170 Too Bedford, LLC and 170 Bedford Restaurant LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress defendants' violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107. Plaintiff also alleges a claim for Negligence. As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws. Defendants are

1

vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff Dan Gropper has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, plaintiff Dan Gropper has been and remains a

wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendants 172nd LLC and 170 Too Bedford, LLC own the property located at 170 Bedford Avenue in Kings County, New York (hereinafter referred to as "170 Bedford Avenue").

8. Defendants 172nd LLC and 170 Too Bedford, LLC are licensed to and do business in New York State. Defendant 170 Bedford Restaurant LLC is licensed to do and does business in New York State.

9. At all relevant times, defendant 170 Bedford Restaurant LLC operates and/or leases property located at 170 Bedford Avenue from defendants 172nd LLC and 170 Too Bedford, LLC (hereinafter referred to as the "The Meatball Shop - Williamsburg" premises).

10. Upon information and belief, 172nd LLC and 170 Too Bedford, LLC and 170 Bedford Restaurant LLC have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the The Meatball Shop - Williamsburg premises located at 170 Bedford Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

12. The The Meatball Shop - Williamsburg premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity as a retail establishment, and its operations affect commerce.

13. Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

14. Upon information and belief, 170 Bedford Avenue was designed and constructed for first possession after January 26, 1993.

15. At some time after January 1992, 172nd LLC and 170 Too Bedford, LLC made alterations to 170 Bedford Avenue, including areas adjacent and/or attached to 170 Bedford Avenue.

16. At some time after January 1992, defendants 172nd LLC and 170 Too Bedford, LLC made alterations to the The Meatball Shop - Williamsburg premises, and to areas of 170 Bedford Avenue related to the The Meatball Shop - Williamsburg premises.

17. At some time after January 1992, defendants altered the primary function areas of the The Meatball Shop - Williamsburg premises and 170 Bedford Avenue that relate to the The Meatball Shop - Williamsburg premises.

18. Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the The Meatball Shop - Williamsburg premises, and to areas of 170 Bedford Avenue related to the The Meatball Shop - Williamsburg premises.

19. Within the past three years of filing this action, plaintiff attempted to and desired to access the The Meatball Shop - Williamsburg premises.

20. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991

Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

21. The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.*

22. Because of defendants' failure not to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

23. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, or the Building Code of the City of New York ("BCCNY").

24. Barriers to access that plaintiff encountered and/or which exist at the defendants' place of public accommodation include, but are not limited to, the barriers identified below:

    **I.** An accessible entrance to the facility is not provided. See below.
Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).
Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.
Defendants fail to provide that ALL of its public entrances are accessible. See 2014 NYC 1105.1.

    **II.** The entrance door lacks level maneuvering clearances at the pull side of the door.
Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

    **III.** There is a step at the exterior side of the entrance door which has a change in level greater than ½ inch high. A compliant ramp is not provided.

|      | |
|------|-|
|      | Defendants fail to provide that changes in level greater than 1/2 inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3. |
| IV.  | Neither bar provides accessible seating. Furthermore, no accessible tables are provided in the dining area. See below.<br>Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 Standards 5.2.<br>Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. See 2010 Standards 226.1; and 2014 NYC 1109.10. |
| V.   | No accessible tables are provided in the dining area.<br>Defendants fail to provide that at least 5% of the work surfaces and/or table surfaces provided to customers are accessible. See 1991 Standard 5.1; 2010 Standards 226.1; and 2014 NYC 1109.10. |
| VI.  | Neither toilet room is fully accessible. One toilet room is labeled accessible, the other is not. See below.<br>Defendants fail to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2. |
| VII. | At the toilet room labeled as accessible, the toilet room door lacks maneuvering clearances at the pull side of the door due to a cabinet.<br>Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3. |
| VIII.| At the toilet room labeled as accessible, the water closet is located more than 16" to 18" from the side wall.<br>Defendants fail to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 Standards 4.16.2, 2010 Standards 604.2, and 2014 NYC 604.2. |
| IX.  | At the toilet room labeled as accessible, the water closet lacks the required clearances due to the lavatory.<br>Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 2010 Standards 604.3.1, and 2014 NYC 604.3.1. |

    **X.**    At the toilet room labeled as accessible, the water closet lacks a vertical side wall grab bar.
Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC 604.5.1.

    **XI.**    At the toilet room labeled as accessible, the water closet has a toilet paper dispenser in the incorrect location.
Defendants fail to provide an accessible water closet with a toilet paper dispensers that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.

    **XII.**    At the toilet room labeled as accessible, the lavatory lacks a clear floor space for a forward approach.
Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 Standards 4.19.3 and 4.24.5, 2010 Standards 606.2, and 2014 NYC 606.2.

    **XIII.**    At the toilet room labeled as accessible, the mirror above the lavatory is too high.
Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 Standards 4.19.2, 2010 Standards 603.3, and 2014 NYC 603.3.

    **XIV.**    At the toilet room labeled as accessible, the coat hook is outside of an accessible reach range.
Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6; 2010 Standards 308.3.1; and 2014 NYC 308.3.1.

    **XV.**    The exit door which is also the entrance door is not accessible as described above.
Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.

25.    Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

26.    As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the

areas of non-compliance with the ADA. Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

27. Defendants have endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

28. Defendants' failure to make their place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

29. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

30. Defendants 172nd LLC and 170 Too Bedford, LLC have failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY including but not limited to ensuring the maintenance of accessible features.

31. The barriers to access within defendants' place of public accommodation continue to exist.

32. Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

33. Plaintiff frequently travels to the shopping area and neighborhood where defendants' place of public accommodation is located and patronizes places in the neighborhood.

34. Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY.

35. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY.

36. Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY – all for the benefit of those similarly situated to plaintiff.

**FIRST CAUSE OF ACTION**
(**Violations of the Americans with Disabilities Act**)

37. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

38. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

39. Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

40. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

41. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

42. Defendants have discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

43. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

44. Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

45. Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

46. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible.

47. By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

48. In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

49. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

50. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, within the meaning of the ADA, 172nd LLC and 170 Too Bedford, LLC continuously controlled, managed and operated the public sidewalk abutting 170 Bedford Avenue, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

51. 172nd LLC and 170 Too Bedford, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

52. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
### (Violation of New York State Executive Law)

53. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

11

54. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

55. Defendants' have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

56. Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the defendants have aided and abetted others in committing disability discrimination.

57. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

58. In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

59. It would be readily achievable to make defendants' place of public accommodation fully accessible.

60. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

61. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

62. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Violation of the Administrative Code of the City of New York)**

63. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

64. Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

65. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

66. Defendants' have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation

13

all because of disability in violation of the Administrative Code § 8-107(4). Each of the defendants have aided and abetted others in committing disability discrimination.

67. Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(5)(b) by designing, creating and/or maintaining an inaccessible commercial facility/space.

68. Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(5)(b).

69. In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

70. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, 172nd LLC and 170 Too Bedford, LLC continuously controlled, managed and operated the public sidewalk abutting 170 Bedford Avenue, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

71. 172nd LLC and 170 Too Bedford, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

72. Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

73. As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

74. Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

75. By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

76. Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

77. By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

78. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws)

79. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

80. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

81. Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

82. Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

83. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

84. Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 170 Bedford Avenue in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

85. At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 170 Bedford Avenue in a reasonably safe condition, including a duty to comply with the Administrative Code.

86. Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 170 Bedford Avenue

in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

87. Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 170 Bedford Avenue in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

88. Defendants have had actual and constructive notice that their place of public accommodation located at 170 Bedford Avenue is not safe to the disabled.

89. As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## **INJUNCTIVE RELIEF**

90. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

91. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

92. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## **DECLARATORY RELIEF**

93. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and

modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

94. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that defendants' have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

E. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

F. Award plaintiff monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H. Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: September 27, 2016
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:   /s
      Glen H. Parker, Esq.
      Adam S. Hanski, Esq.
      Robert G. Hanski, Esq.
      Attorneys for Plaintiff
      40 Worth Street, 10th Floor
      New York, New York 10013
      Telephone: (212) 248-7400
      Facsimile: (212) 248-5600
      Email:ash@parkerhanski.com
      Email:ghp@parkerhanski.com
      Email:rgh@parkerhanski.com